Raymond W. BARNES,
Plaintiff-Appellant,

v.

NATIONAL MORTGAGE COMPANY,
Defendant-Appellee.

Supreme Court of Tennessee.

June 4, 1979.

James O. Lockard, Memphis, for plaintiff-appellant.

Max D. Lucas, Jr., Memphis, for defendant-appellee.

## OPINION

HENRY, Chief Justice.

Appellant Raymond Barnes brought this action against the National Mortgage Company seeking workmen's compensation benefits for an injury to his back. The trial court ruled that Barnes was an independent contractor and therefore not entitled to workmen's compensation benefits. We affirm.

### I.

Appellant Barnes and his wife operated the Barnes Wallcovering Company. In April 1976, Elliot Kolker, the construction manager for National, hired Barnes to paint and wallpaper homes that were under con-

struction or had been foreclosed upon by National. After completing work on the homes for which he originally was hired, Barnes continued to work for National on similar projects. The construction of new houses and the repair of repossessed homes apparently was a consistent part of National's business.

The payment terms established between Kolker and Barnes varied according to the type of work: Barnes apparently received an hourly wage for painting in the repossessed homes, but billed National on a square footage basis for other painting. The charge for wallpapering was $5.00 per roll. His wife normally worked with him, as did his mother on an occasional basis.

Although National deducted neither social security nor withholding tax from Barnes' checks, it deducted five percent for workmen's compensation coverage. Kolker stated that the deduction covered employees of companies hired to work for National, but did not cover the owners of the companies. The workmen's compensation insurance contract, however, was not introduced at trial, and Barnes and his wife had no other regular employees while working for National. In addition, when Barnes entered the hospital, Kolker confirmed that he was covered by National's workmen's compensation carrier.

Barnes was not required to be at work at any particular time, and he occasionally performed jobs for other companies during the time that he was working for National. Kolker would tell Barnes which house to work on if a particular house had to be finished ahead of schedule for a business reason, but Barnes otherwise was free to control the progression of the work. Although Barnes supplied his own tools, Kolker frequently supplied or determined the brand of paint. Kolker was on the site daily, conferring with Barnes and inspecting his work. He had complete hiring discretion in the jobs he supervised, and could have terminated the relationship at any time.

Upon these facts the trial court determined that Barnes was an independent contractor rather than an employee within the meaning of the workmen's compensation act.

## II.

Although the workmen's compensation act is to be given a liberal construction in favor of finding a worker an employee rather than an independent contractor, our cases recognize that this legal characterization depends upon an *ad hoc* analysis of the facts. *Wooten Transportation, Inc. v. Hunter*, 535 S.W.2d 858 (Tenn.1976); *Smart v. Embry*, 208 Tenn. 686, 348 S.W.2d 322 (1961).

In *Cromwell General Contractor, Inc. v. Lytle*, 222 Tenn. 633, 439 S.W.2d 598 (1969), the Court listed the factors relevant to determining whether an employer-employee relationship existed or the worker was an independent contractor. As summarized by the Court, the factors include:

> (1) the right to control the conduct of the work, (2) the right of termination, (3) the method of payment between the alleged employer and employee, (4) whether or not the alleged employee furnishes his own helpers, and (5) whether or not the alleged employee furnishes his own tools. 439 S.W.2d at 601

The Court qualified these factors by noting that:

> These tests are no more than a means of analysis. They are not to be applied abstractly, nor are they absolutes which preclude examination of each work relationship as a whole. Utilization of these tests depends upon the salient facts of a particular relationship. No one test is infallible or entirely indicative of the legal characterization to be given to a particular relationship. The decisional value of any single test is commensurate with the degree of its applicability to the particular case. *Id.*

Although certain elements of Barnes' connection with National provide evidence

of an employer-employee relationship, the overall, predominant aspects indicate that Barnes was an independent contractor. He supplied the tools of his trade, was paid partially on a per job basis, scheduled his working hours, apparently had the right to hire additional helpers, and was free to accept, and actually did accept, other jobs while working for National. Although the Court in *Wooten, supra,* stressed the right to control, it has been noted that:

> The mere fact that the principal contractor reserves a right to supervise or inspect the work during its performance, does not make the subcontractor an employee or mere servant, where there is no right of control of the method of performance, except to see that the end result conforms to the plans and specifications. *Smart v. Embry,* 348 S.W.2d at 324–25

Thus, under the facts presented in this case, we affirm the trial court's determination that Barnes was an independent contractor rather than an employee.

III.

Barnes also claims that National is estopped to deny workmen's compensation coverage because of the five percent deduction from his wages for insurance and because Kolker allegedly represented to Barnes that he was covered by National's insurance carrier. Kolker testified that since most subcontractors do not carry workmen's compensation insurance, it is standard practice to deduct a certain percentage of the wages depending upon the degree of risk inherent in the work performed by the subcontractor. Although Kolker admitted that he erroneously told the hospital that Barnes was covered by workmen's compensation insurance, he denied ever making such a representation to Barnes. The trial judge accepted Kolker's version of the facts and there is material supporting evidence. We cannot hold, as a matter of law, that Barnes was estopped.

The costs are taxed against appellant.

Affirmed.

FONES, COOPER, HARBISON and BROCK, JJ., concur.