**Randall MASIERS, Appellant,**

v.

**ARROW TRANSFER & STORAGE COMPANY, et al., Appellee.**

Supreme Court of Tennessee, at Nashville.

Oct. 12, 1982.

John W. McClarty, Chattanooga, for appellant.

E. Blake Moore, Mark A. Ramsey, Spears, Moore, Rebman & Williams, Chattanooga, for appellee.

## OPINION

COOPER, Justice.

This is an action by appellant to recover worker's compensation benefits for an injury received when a tractor-trailer operated by appellant overturned. The basic issue is whether appellant, the owner-operator of a tractor under contract with appellee, was an independent contractor or an employee of the appellee. The trial judge held that appellant was an independent contractor and dismissed the action. For the reasons set forth below, we affirm the decision of the trial judge.

Appellee is engaged in the transfer and storage business in Chattanooga, Tennessee, and has arrangements with various business concerns to haul all kinds of general merchandise and materials. This appellee does through company drivers using company owned and maintained vehicles, and through the use of contract operators who own, maintain, and drive their own equipment.

Appellee initially employed appellant on April 26, 1979, as a company driver. As such he drove equipment owned and maintained by appellee. Appellant was required to report for work at a designated time and was required to haul any cargo selected by appellee. All expenses of operation and living expenses away from home were paid by appellee. Company benefits, such as health, accident, and life insurance, were furnished appellant. Social security and income taxes were withheld from wages earned by appellant.

Shortly after entering the employment of appellee, appellant purchased a tractor. On May 16, 1979, at appellant's request, appellant and appellee entered into a written contract wherein appellant agreed to use his tractor to transport cargo for appellee and appellee's customers for sixty-five percent of the revenue thus generated. The trailer was to be driven by appellant or a driver of his choosing, if the driver was approved by appellee. The contract was terminable by either party on the giving of thirty days notice.

On entering into the contract, appellant lost his company benefits. He was given the option of keeping the personal insurance coverage he had as an employee of appellee, except for life insurance coverage, with appellant paying the full premium. He also was informed and knew that appellee would no longer deduct either social security or income tax payments from proceeds earned by appellant. Appellant also had to pay all necessary fees and taxes required for his operations, including away-from-home living expenses, pay all cargo damages and claims for cargo shortages, and any other expense necessary for him to meet his contract obligations. Appellant had no ICC certification so that he operated under appellee's certification when he hauled cargo generated by appellee. When he hauled cargo for one of appellee's customers, such as Georgia Highway Express, he did so under the ICC certification of the customer.

The mode of operation under the agreement was for appellant to report to appel-

lee's terminal where he would pick up the cargo to be hauled. There was no set time for appellant to report, it was at his discretion. When he reported, he was placed on a first-in first-out rotation for assignment of loads to owner-operators. Appellant had the option of accepting or refusing any given cargo; if he opted to refuse, there was no penalty other than he dropped to the bottom of the assignment rotation list for that day.

■ There are a number of indicia to be considered by a trier of fact in determining the existence or nonexistence of an independent contractor relationship, such as, (1) the right to control the conduct of the work, (2) the right of termination, (3) the method of payment, (4) the freedom to select and hire helpers, (5) the furnishing of tools and equipment, (6) self scheduling of working hours, and (7) being free to render services to other entities. *See Jackson Sawmill v. West,* 619 S.W.2d 105 (Tenn.1981); *Cromwell General Contractors, Inc. v. Lytle,* 222 Tenn. 633, 439 S.W.2d 598 (1969). These indicia are not absolutes which preclude examination of each work relationship as a whole, but are means of analysis. *Jackson Sawmill v. West, supra.*

■ Although no indicia is "infallible or entirely indicative," it has generally been recognized by this court that "the primary test for determining claimant's status as employee or independent contractor is the 'right to control.'" *Lindsey v. Smith & Johnson, Inc.,* 601 S.W.2d 923 (Tenn.1980). This court has further noted that a party to a contract can exercise direction and control over the results of the work without destroying the independence of the contract or creating an employer-employee relationship. *Barnes v. National Mortgage Company,* 581 S.W.2d 957, 959 (Tenn.1979).

■ Another factor that has gained controlling significance in the cases is the right of termination. *Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976). The power of a party to a work contract to terminate the relationship at will is contrary to the full control of work activities usually enjoyed by an independent contractor. *Curtis v. Hamilton Block Company,* 225 Tenn. 275, 466 S.W.2d 220 (1971), quoting *Frost v. Blue Ridge Timber Corporation,* 158 Tenn. 18, 11 S.W.2d 860 (1927).

■ The chancellor considered the several indicia previously enumerated by this court and concluded from the work relationship as a whole, that appellant was an independent contractor. In our opinion, the evidence supports his conclusion. The right of control by appellee over the conduct of appellant's work existed only as to results. Appellant furnished the tractor, which he owned outright, having obtained no financial assistance from appellee in making the purchase. He provided all maintenance, materials, tools, and labor for the upkeep of the tractor. He was responsible for cargo shortages and damages on his loads, his own fuel bills, and his out-of-town living expenses. He was responsible for reporting his own income and social security taxes. He had the right to set his own hours. He was free to hire his helpers as he saw fit, subject only to their qualification if they were to drive appellant's tractor. Further, appellant had the right to decide whether or not to accept a given cargo for delivery. These options are incompatible with an employer-employee relationship, but are compatible with the existence of an independent contractor relationship.

Furthermore, under the contract, appellee did not have the right to terminate at will its relationship with appellant. The relationship could be terminated by either party only on thirty days notice. This method of termination is compatible with the existence of an independent contractor relationship. *See Curtis v. Hamilton Block Company,* 225 Tenn. 275, 466 S.W.2d 220 (1971).

Appellant has cited us to several cases where work was performed under a contract, and the court found an employer-employee relationship to exist. In *Barnes v. National Mortgage Co.,* 581 S.W.2d 957 (Tenn.1979), we pointed out that the characterization of a worker as an employee or independent contractor depends upon an *ad*

*hoc* analysis of the facts. The fact situation in each of the cases cited differs substantially from the case under consideration and, consequently, is not controlling of the decision in this case.

Decree affirmed, with costs to be paid by appellant.

FONES, C. J., and BROCK, HARBISON and DROWOTA, JJ., concur.