941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald LYNESS and Sherry Lyness, Plaintiffs-Appellants,
Transportation Insurance Company, Intervening Plaintiff,
v.
BOWATER, INC., Defendants-Appellees.
 No. 90-6322.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Ronald Lyness filed suit against the defendant, Bowater, alleging negligence. The district court entered summary judgment for the defendant, holding that the plaintiff's claim was preempted by the Tennessee Workers' Compensation Law. We affirm.
 
 
 2
 Bowater, the defendant, owns a paper mill located in Calhoun, Tennessee. J.M. Foster, the plaintiff's direct employer, works as a "resident contractor" for Bowater. J.M. Foster employees regularly perform various maintenance and light repair tasks around the Bowater mill. The repair, maintenance, and construction tasks performed by J.M. Foster are ongoing and constant. Bowater organizes the tasks, deciding what needs to be done and whether the task will be performed by Bowater employees or by any one of various contractors that it employs on an ongoing basis.
 
 
 3
 While at work, the plaintiff had a serious accident. He was standing on a scaffold above a "blending chest." A blending chest contains water and chemicals heated to a temperature of approximately 120 degrees. The scaffold collapsed, and Lyness and another worker fell into the blending chest. Lyness was seriously burned over most of his body, and his co-worker was killed. He now sues, alleging that the collapse was caused by rotting wood. He claims that Bowater's negligent maintenance of the facilities caused the accident.
 
 
 4
 The district court granted summary judgment for Bowater, holding that the claim against Bowater is preempted by the Tennessee Workers' Compensation Law. T.C.A. 50-6-108 provides that employers who must provide workers' compensation insurance are immune from tort liability. Although Bowater did not directly employ Lyness, the company may still be a "statutory employer" for purposes of the workers' compensation laws. Under the provisions of T.C.A. 50-6-113, "a principal, or intermediate contractor, or subcontractor shall be liable for compensation ... to the same extent as the immediate employer."
 
 
 5
 Lyness argues, however, that his employer was an "independent contractor" and that he, therefore, is not covered by the workers' compensation. He relies on cases, such as German v. Whaley, 760 S.W.2d 627 (Tenn.1988), that distinguish between an "employee" and an "independent contractor." Lyness confuses two different principles here. Consequently, he produces affidavits from various persons stating, for example, that Bowater did not exercise supervisory authority over J.M. Foster employees. These facts are simply not relevant to this case, however. The doctrine that Lyness relies on has to do with the issue of whether an individual is "employed" by a company for purposes of the Tennessee Workers' Compensation Law.
 
 
 6
 In this case, there is no question that Lyness was an "employee" of J.M. Foster for purposes of collecting workers' compensation insurance. Bowater is liable under workers' compensation law (and, consequently, immune from tort liability) not because of any relationship directly between Bowater and Lyness, but rather because of the special provision of T.C.A. 50-6-113 that extends the benefits and burdens of the workers' compensation laws up the line from subcontractor, all the way up to a principal contractor. Contrary to what Lyness seems to believe, this statutory provision does not require that an employee of a subcontractor also qualify as an employee of the principal contractor. Indeed, it is precisely because employees of subcontractors normally will not qualify as employees of the principal contractor that this provision is necessary.
 
 
 7
 Thus, the only question for us is whether a principal contractor/subcontractor relationship existed between J.M. Foster and Bowater. The provisions of the statutory scheme apply when a company serves as its own general contractor as well as to more conventional general contractor situations. As the Tennessee Supreme Court has explained:
 
 
 8
 [A] principal contractor is made liable for injuries sustained by an employee of a subcontractor, provided at the time of the injury, the employee was engaged upon the subject matter of the general contract, and the injury occurs on, in or about the premises under the management of the principal contractor. And in keeping with the purpose of the statute, where a business enterprise undertakes to act as its own principal contractor and contracts directly with subcontractors for various phases of construction on its own premises, the business enterprise is subject to the liability imposed by the Workers' Compensation Act and is entitled to the immunities conferred by the Act.
 
 
 9
 Acklie v. Carrier, 785 S.W.2d 355, 357-58 (Tenn.1990) (citations omitted). There is no question here that Lyness was engaged in the subject matter of the general contract and that the injuries occurred on the premises where the contract was to be performed.
 
 
 10
 We believe, furthermore, that this is a classic case of a business acting as its own principal contractor. In Acklie, the Tennessee Supreme Court stated that some of the indicia of being a principal contractor include selection of subcontractors, coordination and planning of the work, making changes in the plans as needed, and having one's own employees perform many of the necessary tasks. Id. at 358. See also Posey v. Union Carbide, 705 F.2d 833 (6th Cir.1983). The evidence is uncontroverted that Bowater performed all of these functions.
 
 
 11
 We are sympathetic to the plaintiff's plight. We understand that workers' compensation is very much a double-edged sword. In a case such as this one, an employee who has been seriously hurt may receive less because he is unable to collect for negligence. In exchange, however, workers are assured benefits, even where there is no negligence. Under the general principles of workers' compensation law, the outcome is clear. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation