



**FILED**
**Dec 20, 2018**
**11:54 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD NOVEMBER 27, 2018 AT KNOXVILLE)

| | | |
|---|---|---|
| Byron Albright | ) | Docket No. 2018-01-0109 |
| | ) | |
| v. | ) | State File No. 11611-2018 |
| | ) | |
| Hercules HVAC Pads, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Remanded – Filed December 20, 2018

---

In this interlocutory appeal, the claimant alleges he sustained multiple injuries when he fell from a platform at his place of employment. The defendant denied the claim, asserting the claimant was an independent contractor and not an employee. The trial court determined the claimant was likely to prevail at trial in establishing an employer-employee relationship, and it ordered the payment of certain past medical expenses and the authorization of additional medical treatment. However, the trial court denied the claimant's request for temporary disability benefits. Both parties appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Tim Henshaw, Chattanooga, Tennessee, for the employee-appellant/appellee, Byron Albright

L. Blair Cannon, Nashville, Tennessee, for the employer-appellee/appellant, Hercules HVAC Pads, Inc.

### Factual and Procedural Background

Byron Albright ("Claimant"), a 58-year-old resident of Hamilton County, Tennessee, worked as a construction laborer and maintenance worker for Hercules HVAC Pads, Inc. ("Defendant"), a manufacturer of concrete pads for heating and air

conditioning units.  On November 9, 2017, Claimant was helping reconstruct an elevator shaft for later installation in Defendant's owner's home.  When he climbed to a platform to hang a chain hoist, the mechanism moved unexpectedly and he fell to the ground.  He reported suffering pain in his hip, foot, and left shoulder.  He was transported by ambulance to a local hospital where he was treated and released.  He followed up with his primary care physician, who referred him to Dr. Daniel Doty to treat his shoulder and to Dr. Jesse Doty to treat his foot.[1]

Defendant denied the claim for workers' compensation benefits, asserting Claimant was an independent contractor and, therefore, was not entitled to benefits.  During the expedited hearing, Defendant's owner, Phil Lynch, testified he spoke to Claimant prior to Claimant's beginning work and urged him on several occasions to join the company as an employee, but it was Claimant who insisted he be considered an independent contractor.  According to Mr. Lynch, at Claimant's request, he was paid as a contract worker, had no taxes withheld from his paycheck, and was issued a 1099 tax form.  Claimant was not given a key to the facility and was not allowed to be in the building unless an employee was present.  Claimant did not perform any work related to the construction of concrete pads for HVAC units, but instead was given a list of various projects to be completed that were unrelated or, at most, peripheral to Defendant's primary business of manufacturing concrete pads.  Mr. Lynch explained that the elevator shaft on which Claimant was working on the day of his fall was to be installed in a home he owned in Florida.  Another project on the list was to repair part of the metal roof on the building housing Mr. Lynch's businesses.  With respect to the issue of supervising Claimant's work, Mr. Lynch testified, "the day he was working on the elevator, I wasn't aware that that's what he was doing.  I didn't keep up with what he did.  As long as he got stuff done, that's all that mattered to me."  Later in the hearing, he testified, "I wasn't out there every day telling him what to do."

Claimant, on the other hand, disputed Mr. Lynch's testimony.  He asserted he wanted to be made an employee.  He claimed Mr. Lynch informed him that, for the first several weeks, he would be paid as a contract worker, but after that he would be made an employee.  Claimant asserted that due to difficulties he had in the past with the Internal Revenue Service, he did not want the financial responsibilities of being an independent contractor, but wanted Defendant to treat him like an employee and withhold appropriate taxes from his paycheck.  He further testified, and Defendant acknowledged, that he was permitted to use the time clock to keep track of his hours and that he was paid at an hourly rate.  He was given a list of projects that needed to be completed.  Any materials needed for those projects would be purchased by Defendant.  Other than a few hand tools Claimant kept in his tool belt, all other tools and equipment needed for the projects were furnished by Defendant.  If Claimant needed help to complete a project, Mr. Lynch

---

[1] The extent and nature of Claimant's medical treatment is not at issue in this appeal, and we need not address it further.

2

would assign a company employee to assist him. The following exchange occurred during Mr. Lynch's cross-examination:

> Q. Essentially, you paid Mr. Albright to do maintenance work at Hercules, didn't you?
>
> A. Whatever was needed.
>
> Q. At a rate of $12 per hour?
>
> A. Yes.
>
> . . . .
>
> Q. Did you have the right to terminate Mr. Albright?
>
> A. As an independent contractor, I'm sure I did. . . . Again, I have the right to terminate him if he doesn't do the job properly, but he was always timely and did his job good.
>
> . . . .
>
> Q. You provided the tools?
>
> A. No. He had his own tools. I provided tools that were not []normal for him to have as an independent contractor.
>
> Q. But he didn't have his own tools?
>
> A. He couldn't afford them.

Mr. Lynch also acknowledged that, at the time of the accident, Claimant had climbed a ladder provided by the company to hang a chain hoist owned by the company.

Following the expedited hearing, the trial court concluded Claimant was likely to prevail at trial in proving he was an employee instead of an independent contractor. Referring to the criteria set forth in Tennessee Code Annotated section 50-6-102(12)(D)(i) (2018) for determining whether an individual is an employee, the trial court noted that the Tennessee Supreme Court has repeatedly emphasized the importance of the right to control the conduct of the work, the relevant inquiry being whether the right existed, not whether it was exercised. The trial court concluded, "[Defendant's] owner maintained the right to control [Claimant's] work and exercised it in several instances, such as designation of his work assignments, the purchase of materials, the

3

authorization for his use of other . . . employees and equipment, and authorization to work outside . . . normal working hours." Moreover, according to the trial court, "[Defendant's] provision of materials, equipment, and helpers . . . makes the work situation appear more like employment."

As a result, the trial court ordered Defendant to pay certain past medical bills, including ambulance charges, emergency room bills, medical expenses from Claimant's primary care physician, and medical bills incurred for treatment with Dr. Daniel Doty and Dr. Jesse Doty. It also ordered Defendant to authorize any further reasonable and necessary medical treatment with Dr. Daniel Doty and Dr. Jesse Doty. However, the trial court denied Claimant's request for temporary disability benefits, determining Claimant had failed to present expert medical proof of such disability. Both parties have appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

### *Employee versus Independent Contractor*

In *Smiley v. Four Seasons Coach Leasing, Inc.*, No. 2016-06-0104, 2016 TN Wrk. Comp. App. Bd. LEXIS 28 (Tenn. Workers' Comp. App. Bd. July 15, 2016), we addressed the factors to be considered in analyzing whether the injured worker is an employee or an independent contractor for workers' compensation purposes. After noting the statutory factors listed in Tennessee Code Annotated section 50-6-102(12)(D)(i), we explained "[t]hese factors are not absolutes that preclude examination of each work relationship as a whole and are no more than a means of analysis." *Id.* at

4

*10 (citing *Masiers v. Arrow Transfer & Storage Co.*, 639 S.W.2d 654, 656 (Tenn. 1982)). We also emphasized, as did the trial court in the present case, that "[w]hile no single factor is determinative, the Tennessee Supreme Court has repeatedly emphasized the importance of the right to control [the conduct of the work]." *Id.* Finally, we noted that "[t]he fact that a company did not deduct social security or income taxes is not a controlling factor in deciding whether an employer-employee relationship existed." *Id.* at *11.

In the present case, the trial court determined Claimant was an employee for workers' compensation purposes. The court reasoned Mr. Lynch reserved the right to control the conduct of Claimant's work and exercised that right on several occasions. Mr. Lynch designated the projects on which Claimant would work, provided tools and equipment Claimant needed to complete those assignments, assigned an employee to assist Claimant at times, and reserved the right to terminate Claimant if his work was not acceptable. Mr. Lynch acknowledged that Claimant clocked in and out and was paid by the hour. Finally, the trial court noted Mr. Lynch intended to hire Claimant as an employee and, in effect, treated him as such. Under these circumstances, we conclude the preponderance of the evidence supports the trial court's determination that Claimant is likely to prevail at trial in proving he was an employee for workers' compensation purposes.

*Denial of Temporary Disability Benefits*

Although the trial court awarded past medical benefits and ordered Defendant to authorize additional medical treatment, it denied Claimant's request for temporary disability benefits. In doing so, the trial court cited our decision in *Young v. Young Electric Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 41, at *12-13 (Tenn. Workers' Comp. App. Bd. Sept. 14, 2016), in which we affirmed a denial of temporary disability benefits because there was no expert medical evidence the employee in that case had been restricted from working due to a work-related injury.

In the present case, however, Claimant asserts there was a stipulation pertinent to this issue. During the course of the expedited hearing, the following colloquy occurred:

> [Counsel for Claimant]: I believe they're willing to stipulate that [Claimant] fell and was injured *and is out of work because of those injuries* and needed medical treatment for those injuries. It's just the issue is whether he's an employee. And based on that stipulation, we're not calling Ms. Day because she would just corroborate the medical situation largely. (Emphasis added).
>
> [Trial Court]: All right. Does that stipulation go so far as to say he fell and was injured at the Hercules HVAC premises?

5

[Counsel for Defendant]: Yes.  On their premises on November 9th, 2017.

Counsel for Defendant did not object to the characterization of the stipulation as stated by counsel for Claimant and agreed with the court's clarification of that stipulation. However, Defendant argues that the stipulation, which was entered into after Claimant's testimony was complete, was never intended to address the issue of temporary disability, but was instead intended to avoid the necessity of calling a fact witness who would testify to the impact of the alleged injury on Claimant's physical condition.  Defendant further argues that it never agreed Claimant would qualify for temporary disability benefits if the trial court found he was an employee instead of an independent contractor.

As we have noted previously, "[p]arties are bound by the oral statements and agreements made by their attorneys in open court." *Demotte v. United Parcel Service*, No. 2017-06-1778, 2018 TN Wrk. Comp. App. Bd. LEXIS 38, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 13, 2018) (citing *Prater v. Louisville & N. R. Co.*, 462 S.W.2d 514, 519 (Tenn. Ct. App. 1970)).  Under such circumstances, a stipulation is binding and "obviate[s] the need for [the parties] to present expert medical proof on that issue." *Id.* at *9-10.  However, if a stipulation is ambiguous and uncertain in its terms, it should be disregarded. *See, e.g.*, *Stumpenhorst v. Blurton*, No. W2000-02977-COA-R3-CV, 2002 Tenn. App. LEXIS 161, at *11 (Tenn. Ct. App. Feb. 27, 2002) (a stipulation must be "definite and certain in order to afford a proper basis for judicial decision").

Moreover, in *Simpson v. Satterfield*, 564 S.W.2d 953 (Tenn. 1978), the Tennessee Supreme Court addressed an employee's burden with respect to a claim for temporary disability benefits:

> [T]o make out a prima facie case of entitlement to temporary total disability, an employee must prove that he was (1) totally disabled to work by a compensable injury; (2) that there was a causal connection between the injury and his inability to work; and (3) the duration of that period of disability.  Temporary disability benefits are terminated either by the ability to return to work or attainment of maximum recovery.

*Id.* at 955.  As a result, the question we must address is whether the parties entered into a stipulation regarding Claimant's entitlement to temporary disability benefits in the event the trial court determined he was an employee and, if not, whether Claimant has satisfied the elements necessary to show he is likely to prevail on this issue at trial.

Claimant argues that even if the stipulation did not obviate the need for expert medical proof of causation, this case falls in a category of cases recognized by the Tennessee Supreme Court as so "obvious, simple and routine" that expert medical proof of causation is unnecessary. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991) ("Except in the most obvious, simple and routine cases, the claimant in a

workers' compensation action must establish by expert medical evidence the causal relationship . . . between the claimant's injury (and disability) and the employment activity.").

We previously addressed this issue in *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015), where we noted that, given the substantial amendments to the Workers' Compensation Law that took effect in 2014, "it is unclear whether expert medical testimony is now required in cases deemed to be 'obvious, simple and routine.'"[2] *Id.* at *27. On appeal, the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel agreed with our conclusion that the causal relationship between the alleged accident and the employee's medical condition in that case was not "obvious." *Willis v. All Staff*, No. 2014-05-0005, 2017 Tenn. LEXIS 455, at *13 (Tenn. Workers' Comp. Panel Aug. 3, 2017). In the present case, Claimant asserts that the Panel's discussion of "obvious" cases of medical causation in *Willis* is an implicit acknowledgment that the principle espoused in *Orman*, that an employee need not present expert medical proof of causation in "obvious, simple and routine" cases, survived the recent amendments to the law. However, we do not interpret the Panel's decision in *Willis* as broadly as is suggested by Claimant. Instead, we conclude that *Willis* does not directly address whether an employee must present expert medical proof of causation in cases deemed to be "obvious, simple and routine."

In the present case, we conclude that the terms of the stipulation were ambiguous or incomplete as they may have pertained to the issue of temporary disability. Moreover, even if we were to conclude the parties' stipulation in the present case had obviated the need for expert medical evidence on the issue of temporary disability and medical causation, Claimant did not present sufficient evidence of the duration of any such temporary disability, which is a necessary component of an employee's prima facie claim for temporary benefits. Therefore, we affirm the trial court's denial of Claimant's claim for temporary disability benefits.

## Conclusion

Based on the foregoing, we affirm trial court's order and remand the case.

---

[2] The 2013 Workers' Compensation Reform Act amended the definition of "injury" to state that "an injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2018).

7



| | | |
|---|---|---|
| Byron Albright | ) | Docket No. 2018-01-0109 |
| | ) | |
| v. | ) | State File No. 11611-2018 |
| | ) | |
| Hercules HVAC Pads, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Tim Henshaw | | | | | X | tim@mcmahanlawfirm.com |
| G. Brent Burks | | | | | X | brentburks@mcmahanlawfirm.com |
| L. Blair Cannon | | | | | X | blair.cannon@thehartford.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov