**FILED**
**Jul 08, 2022**
**02:44 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **VICTOR SOTO,** | ) | **Docket No. 2021-08-0937** |
| Claimant, | ) | |
| v. | ) | |
| **DENNY PATTERSON, JR. d/b/a** | ) | **State File No. 800517-2021** |
| **PATTERSON CONSTRUCTION,** | ) | |
| Respondent, | ) | |
| And | ) | |
| **ARCH INSURANCE CO.,** | ) | **Judge Deana C. Seymour** |
| Carrier. | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on June 15, 2022. Mr. Soto claimed workers' compensation benefits for injuries he sustained while working for Patterson Construction on August 11, 2021. Patterson Construction denied his claim, contending Mr. Soto was a subcontractor, not an employee. For the reasons below, the Court holds that Mr. Soto did not establish he is likely to prove that he was Patterson's employee and denies his requested relief at this time.

### History of Claim

Mr. Soto claimed that he fell from a ladder and hit his head on August 11, 2021, while installing seismic framing for Patterson Construction. He suffered significant head and brain trauma and underwent multiple surgeries, with prolonged hospitalization and extensive speech and occupational therapies. The Court saw that Mr. Soto had trouble recalling specific details concerning his accident and his relationship with Patterson Construction.[1] However, with help from counsel, he testified as follows.

Denny Patterson met with Mr. Soto in early August and hired him to perform

---

[1] Mr. Soto's attorney advised that the head trauma caused aphasia that hinders his ability to understand and communicate.

seismic framing on a construction project at a rate of $10.00 per hour.[2] He stated that Mr. Patterson never asked him for proof of workers' compensation insurance. Mr. Soto testified that Patterson Construction supplied most of the tools, equipment, and materials to do the job. However, he brought his own helmet, shoes, hammer, measuring tape, and tool belt to the project.

Mr. Soto recalled Mr. Patterson telling him which work to perform and what time to begin. However, he later testified that nobody told him what time to get to the job site, but that everyone showed up at 7 a.m. Mr. Soto testified that "Wynne" worked for Patterson Construction and brought him materials, told him what time to be at work, recorded his time, and paid him in cash.[3]

Mr. Soto further testified that nobody instructed or trained him on how to do the work but said that he helped Patterson Construction's other employees. Mr. Soto never hired anyone to help him with his job. He stated that Mr. Patterson was on the job site and could inspect and correct his work.

As for the accident, Mr. Soto recalled that he was on a ladder, installing seismic framing inside a hot building. He fell as he was coming down the ladder and walked a few steps, so that someone outside could see him. He has no further memory of that day.

Patterson Construction disagreed with Mr. Soto's account and denied his claim, arguing that Mr. Soto was an independent contractor, not an employee.

Denny Patterson, owner of Patterson Construction, explained that he contracted with L3 Properties to "provide framing labor, nails and screws" for an apartment construction project. Per his practice, he retained subcontractors for the framing work.

Mr. Patterson testified that Mr. Soto approached him about working on the construction site in early August.[4] He knew Mr. Soto because they worked together on a framing project eight or nine years earlier when his father owned Patterson Construction.

Mr. Patterson testified that when his father owned Patterson Construction, he hired laborers for $10.00 per hour. After his father died, he stopped hiring employees but instead retained subcontractors for each project. Mr. Patterson said he offered to pay Mr. Soto a contract price of $416.00 to install seismic framing. He also asked Mr. Soto for proof of insurance, which Mr. Soto agreed to provide but never did.

Mr. Soto appeared at the construction site a few days later with some tools, a hard hat, and his work shoes. Patterson Construction supplied nails and screws, and L3 provided

---

[2] Mr. Soto's brief states the agreed hourly rate was $15.00 per hour.
[3] Mr. Soto did not mention "Wynne's" last name.

construction materials.

Mr. Patterson testified that Patterson Construction had no employees and operated exclusively with subcontractors. Mr. Patterson did not provide equipment or benefits.[5] He was paid by the job and priced the work based on square footage.

Although Mr. Patterson did not supervise Mr. Soto's work, he did inspect it to ensure it followed the local building code. Mr. Patterson expected to pay Mr. Soto by check after he finished the framing.

Mr. Patterson was at the job site when Mr. Soto fell, although he did not see it. He attended to Mr. Soto and asked L3's job superintendent to call 9-1-1. An ambulance took Mr. Soto to the hospital.

Since Mr. Soto could not complete the job, Patterson Construction did not pay him.

**Findings of Fact and Conclusions of Law**

At this hearing, Mr. Soto must present sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits that he is an employee, rather than an independent contractor. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

To recover workers' compensation benefits, the claimant must be an employee and not an independent contractor. *Bargery v. Obion Grain Co.*, 785 S.W.2d 118, 121 (Tenn. 1990). The Court must consider the following factors when making this determination:

(i)   The right to control the conduct of the work;
(ii)  The right of termination;
(iii) The method of payment;
(iv)  The freedom to select and hire helpers;
(v)   The furnishing of tools and equipment;
(vi)  Self-scheduling of working hours; and
(vii) The freedom to offer services to other entities[.]

Tenn. Code Ann. § 50-6-102(12)(D)(i) (2021). No single factor is conclusive. *Smiley v. Four Seasons Coach Leasing, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (July 15, 2016).

The Tennessee Supreme Court explained that an independent contractor is "one who

---

[5] Mr. Patterson knew Wynne Hendrix, who did not work for him but for L3 and brought materials on a forklift when needed.

3

undertakes to produce a given result without being in any way controlled as to the methods by which he attains that result." *Galloway v. Memphis Drum Serv.*, 822 S.W.2d 584, 587 (Tenn. 1991). Here, Mr. Patterson told Mr. Soto where to install the seismic framing, but Mr. Soto controlled the work. He did not train Mr. Soto to install the framing. Rather, Mr. Soto learned on his own from other workers at the job site. He did not supervise the work but only inspected it to ensure it met building codes. Thus, the Court finds that the right to control the conduct of work favors a finding that Mr. Soto was an independent contractor.

As for the right to terminate subcontractors like Mr. Soto, Mr. Patterson felt he could do so but only for good reason, such as non-compliance with building codes. However, he testified that he would first give the subcontractor notice and ask him to correct the problem. Thus, the Court finds this factor is neutral in this analysis.

The method of payment supports an independent contractor relationship because Mr. Patterson offered to pay Mr. Soto by the square foot after he completed the job. Mr. Patterson did not track Mr. Soto's hours and would have paid $416.00 regardless of how long the project took him. Since Mr. Soto did not complete the job or provide proof of insurance or a tax identification number, he did not pay Mr. Soto.

Mr. Patterson testified that Mr. Soto could have hired and paid helpers for the framing project. He also testified that Patterson Construction only provided nails and screws. All other equipment and tools came from Mr. Soto, L3, or other subcontractors. These factors all suggest that Mr. Soto was an independent contractor.

Regarding scheduling, Mr. Soto first testified that Wynne set the time to work. He then said nobody told him what time to be on the job site, but that everyone arrived at 7 a.m. Mr. Patterson testified that Wynn worked for L3 and not Patterson Construction. He said he never told Mr. Soto when to be on the job and never kept time records. This factor also supports an independent contractor relationship.

Finally, Mr. Soto testified that, while he only worked for Mr. Patterson, he could not say whether Mr. Patterson forbid him from offering his services to others. On the other hand, Mr. Patterson confidently testified that Mr. Soto could work for others. The Court finds the evidence on this issue weighs in favor of an independent contractor relationship.

Considering all factors used to determine whether a worker is an employee or an independent contractor, the Court holds that Mr. Soto has not presented sufficient evidence from which this Court could conclude that he is likely to prevail in establishing he was an employee of Patterson Construction.

**IT IS, THEREFORE, ORDERED** as follows:

1. Victor Soto's requested relief is denied at this time.

4

2.  The Court sets a Scheduling Hearing on **September 12, 2022, at 9:00 a.m. central time.** The parties must call 866-943-0014 to participate.

**ENTERED on July 8, 2022.**

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record
1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Hearing Request, along with Rule 72 Declaration of Victor Soto
4.  Defendants' Expedited Hearing Brief, List of Witnesses and Exhibits
5.  Employee's Response to Employer's Brief

Exhibits
1.  Defendant's Answers to Plaintiff's Interrogatories
2.  Deposition Transcript of Denny Patterson, Jr.
3.  Deposition Transcript of Victor Soto
4.  Deposition Transcript of Lucero Soto
5.  Plaintiff's Responses to Defendant's First Set of Interrogatories
6.  Plaintiff's Responses to Defendant's First Request for Production of Documents
7.  Plaintiff's Responses to Defendant's First Set of Requests for Admission
8.  Certificates of insurance for other sub-contractors (Collective)

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on July 8, 2022.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| William B. Ryan and Bryce Ashby, Claimant's Attorneys | | | X | billy@donatilaw.com bryce@donatilaw.com |
| Emily Faulkner, Respondent's Attorney | | | X | emily.faulkner@mgclaw.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*