FILED

June 24, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:35 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Jordan Langford**

**DOCKET #: 2015-01-0006**

**EMPLOYER: Scott Rymer, d/b/a Cleveland Tent and Party Rentals/ Party Time Rentals**

**STATE FILE #: 461-2015**

**CARRIER:     Uninsured**

**DATE OF INJURY: October 13, 2014**

### INTERLOCUTORY ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Jordan Langford, the employee, seeking an interlocutory order for medical and temporary disability benefits. Attorneys Jim Bilbo and Brent McIntosh represent Mr. Langford. Attorney Clancy Covert represents the employer, Scott Rymer, d/b/a Cleveland Tent and Party Rentals, also described in the record as Party Time Rentals (Rymer).

Mr. Langford asked the Court to decide this claim for interlocutory relief upon a review of the record without an evidentiary hearing. Rymer did not object to Mr. Langford's request. After first reviewing the record to determine the appropriateness of deciding this claim without an evidentiary hearing, the Court determined that it is appropriate to decide this matter on the record without an evidentiary hearing.

Considering the positions of the parties, the applicable law, and the record filed by the parties, the Court finds that Mr. Langford is likely to succeed at a hearing on the merits in his claim for medical and temporary disability benefits. Accordingly, the Court finds that Mr. Langford is entitled to an Interlocutory Order awarding him medical and temporary disability benefits.

### ANALYSIS

#### Issues

1. Whether Mr. Langford established that he sustained an injury that arose primarily out of and in the course and scope of employment; and

1

2. Whether Mr. Langford is entitled to an award of temporary disability and medical benefits.

**Procedural Issue**

The Court first considers the appropriateness of deciding Mr. Langford's request for interlocutory relief without an evidentiary hearing. On June 1, 2015, Mr. Langford filed the form requesting an expedited hearing, marking thereon the designated box indicating his request that the Court issue a decision on the record without an evidentiary hearing. Contemporaneously with his Request for Expedited Hearing, Mr. Langford submitted his own affidavit in support of the requested relief. The affidavit contains factual assertions concerning Mr. Langford's employment status with Rymer and the circumstances surrounding the injury on which he bases his claim.

Mr. Langford certified on his Request for Expedited Hearing that he served a copy of the request on Rymer's counsel of record. Tenn. Comp. R. & Regs., Rule 0800-02-.14(1)(b) provides that, "[i]mmediately upon receiving the [Request for Expedited Hearing], but in no event later than five (5) business days after the [Request for Expedited Hearing] is filed with the clerk, the opposing party shall submit all information in its possession demonstrating that the employee is not entitled to temporary disability or medical benefits." Rymer did not file evidence or request additional time to do so within the period for response.

Upon the filing of a Request for Expedited Hearing, Tenn. Comp. R. & Regs., Rule 0800-02-21-.14(1)(c) sets forth that "the judge shall have discretion to either set the matter for a hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim." Having reviewed the record submitted by the parties in this claim, the Court finds that Mr. Langford's affidavit contains a sufficient factual record to render a decision without an evidentiary hearing. Accordingly, pursuant to Tenn. Comp. R. & Regs., Rule 0800-02-21-.14(1)(c), the Court finds that a decision on the record is appropriate.

**Evidence Submitted**

The Court considered the following exhibit:

Exhibit A—Affidavit of Jordan Langford.

The Court designated the following as the technical record in this claim:

- Petition for Benefit Determination filed January 5, 2015;
- Dispute Certification Notice filed March 4, 2015; and
- Request for Expedited Hearing filed June 1, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence.

2

## History of Claim

On May 26, 2015, the Court dismissed Mr. Langford's initial Request for Expedited Hearing because he did not file an affidavit. On June 1, 2015, Mr. Langford refiled his request with the requisite supporting affidavit.

According to his affidavit, Mr. Langford suffered multiple injuries, the most serious of which were ankle and leg injuries requiring surgery, when, during a work-related trip to Lake Charles, Louisiana on October 23, 2014, the driver of a Rymer-owned truck fell asleep and hit a concrete barrier. Mr. Langford was a passenger in the truck.

Mr. Langford claims that Rymer is uninsured for workers' compensation risks and has not paid any workers' compensation benefits. Rymer retained counsel in this claim, but did not submit any evidence that disputes the allegation that it is uninsured. The Dispute Certification Notice (DCN) issued in this claim indicates that Rymer raised several defenses to Mr. Langford's claim. Rymer, however, did not submit evidence in support of the defenses listed in the DCN.

## Mr. Langford's Contentions

Mr. Langford claims his injury occurred in the course and scope of his employment by Rymer. He denies that he was an independent contractor and claims that, at all times during his employment, Rymer employed more than five (5) employees. Accordingly, Mr. Langford contends that Rymer must provide him medical and temporary disability benefits pursuant to the Tennessee Workers' Compensation Law.

## Rymer's Contentions

According to the DCN, Rymer claims exemption from the Tennessee Workers' Compensation Law, presumably because it does not employ five (5) employees. Also according to the DCN, Rymer contends that Mr. Langford is not entitled to workers' compensation benefits because (1) he was an independent contractor at the time he was injured, and (2) his injuries occurred during a deviation from Rymer's business.

## Findings of Fact and Conclusions of Law

### Standards Applied

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction...favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." A different standard of proof governs the issuance of interlocutory orders at expedited hearings. *See McCord v. Advantage Human Resourcing,* 2015 TN Wrk Comp App Bd LEXIS 6, Docket #

3

2014-06-0063 State File No. 79894-2014, at *7, 8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee will likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

*Factual Findings*

Upon consideration of the record, the Court makes the following factual findings:

- On October 13, 2014, Mr. Langford sustained injuries in Lake Charles, Louisiana, while a passenger in a Rymer-owned truck;
- At the time of injury, Mr. Langford was not an independent contractor, but an employee of Rymer; and
- Mr. Langford had not deviated from his employment by Rymer when injured on October 13, 2014.

*Application of Law to Facts*

*Rymer Is Not Exempt From Workers' Compensation Coverage.*

Mr. Langford's affidavit provides the only evidence in the record regarding the number of employees employed by Rymer at the time of injury. Mr. Langford avers in his affidavit that Rymer employed him to deliver and assemble tents and that "[t]here were eleven to twelve (11-12) other employees working for Scott Rymer during my time of employment."

Tennessee Code Annotated section 50-6-106(1)(B)(5) (2013) provides that the Tennessee Workers' Compensation Law does not apply to employers who employ fewer than five (5) regular employees unless the employer is a supplier of construction services, *see* Tennessee Code Annotated section 50-6-902(a), or files written notice accepting the coverage of the Law. In that Rymer did not submit evidence to rebut the averment in Mr. Langford's affidavit that Rymer employed eleven to twelve (11-12) other employees during the time he worked for Rymer, the Court, at this time, finds that Rymer is not exempt from coverage under the Tennessee Workers' Compensation Law.

*Mr. Langford Was Not An Independent Contractor When Injured.*

Under Tennessee law, an independent contractor is not entitled to benefits under the Tennessee Workers' Compensation Law if injured in the fulfillment of his duties. *Bargery v. Obion Grain Co.*, 785 S.W.2d 118, 121 (1990). Tennessee Code Annotated section 50-6-102(11)(D) (2014) lists the following factors for consideration in the determination as to whether an injured party is an independent contractor:

1. the right to control the conduct of the work;
2. the right of termination;
3. the method of payment;

4

5. the furnishing of tools and equipment;
6. self-scheduling of working hours; and
7. the freedom to offer services to other entities.

In his affidavit, Mr. Langford addresses most of the factors discussed above. He averred, without rebuttal, that Rymer employed him to deliver and assemble tents; paid him by the hour with a business check; scheduled and controlled his work; supplied all tools and equipment necessary to complete the tasks assigned him; and did not allow him to hire helpers. On the basis of the record before it, the Court finds that Mr. Langford was an employee of Rymer on the date of injury.

### *Mr. Langford's Injury Arose Primarily Out Of And In The Course And Scope Of Employment.*

In his affidavit, Mr. Langford avers that, on the date of injury, "I was an employee of Scott Rymer d/b/a Party Time Rentals. I was a passenger in [a] truck owned by Scott Rymer that was involved in a wreck in Lake Charles, Louisiana. The driver of the vehicle fell asleep and the vehicle hit a concrete barrier." While the DCN indicates that Rymer alleged Mr. Langford's injuries occurred during a deviation from his job duties, Rymer submitted no information to support that allegation. Although Mr. Langford's affidavit provides few details about what he was doing and where he was going at the time of injury, there is nothing in the factual record to indicate that Mr. Langford's injuries occurred while he was engaged in a personal mission in deviation of his job duties.

In *McCann v. Hatchett,* 19 S.W.3d 819, 822 (Tenn. 2000), the Supreme Court held that, "an employee who travels on the business of the employer is considered to be within the course of his or her employment continuously during the trip." While, in his affidavit, Mr. Langford does not describe the purpose of his travel in Louisiana in a Rymer-owned truck, he clearly states that, on the date of injury, he "was an employee of[Rymer]…in a truck owned by [Rymer] that was involved in a wreck in Lake Charles, Louisiana." Rymer's allegation in the DCN that Mr. Langford's injuries occurred during a deviation from his job duties presupposes that Rymer sent Mr. Langford out of town on its business. On the basis of the above fact and in view of the legal principle set forth in *McCann v. Hatchett, supra,* the Court finds at this time that Mr. Langford is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment by Rymer.

### *Mr. Langford Is Entitled To Medical Benefits*

Tennessee Code Annotated section 50-6-204 (2013) requires an employer to provide medical benefits to an employee injured on the job. When the employer fails to give the employee the opportunity to select the treating physician from a panel, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. *See Lindsey v. Strohs Cos.* 830 S.W.2d 899, 902 (Tenn. 1992); *U.S. Fidelity & Guaranty Co. v. Morgan,* 795 S.W.2d 653, 655 (Tenn. 1990).

Mr. Langford did not submit medical records to establish the treatment he received for his work injury, nor did he submit documentation of the charges he incurred for that treatment.

Accordingly, the Court cannot at this time award reimbursement of incurred medical charges.

The Court, however, will order that Rymer authorize and pay for future treatment of the injuries that Mr. Langford sustained in the course and scope of his employment on October 13, 2014. In his affidavit, Mr. Langford stated that Dr. Brett Sanders has provided surgery and other treatment for his work injuries. Mr. Langford may designate Dr. Brett Sanders as his authorized treating physician or, if he opts to come under the care of another physician, he may inform Rymer of this fact and Rymer shall promptly provide him a panel composed of physicians competent to treat his work-related injuries. *See* Tenn. Code Ann. §50-6-204.

*Mr. Langford Is Entitled To Temporary Disability Benefits.*

Mr. Langford stated by affidavit that he fractured his right ankle in the work-related collision on October 13, 2014, and that, on October 22, 2014, he underwent open reduction, internal fixation surgery on the ankle. Mr. Langford further states in his affidavit that the treating surgeon placed his ankle in a cast for six (6) weeks following surgery, after which he progressed to ambulating with crutches and, then, with a walking boot. Mr. Langford stated by affidavit that he underwent physical therapy on his ankle and was under restrictions prohibiting or limiting weight bearing on his right leg from the date of injury until April, 2015.

Rymer submitted no evidence that rebutted the averments in Mr. Langford's affidavit regarding the extent of his injury and his inability to work during the stated time period. Mr. Langford did not submit medical evidence that supported the averments he made about his injury in his affidavit.

In *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978), the Supreme Court held that, to make out a *prima facie* case of entitlement to temporary disability benefits, the injured worker must prove that he was "(1) totally disabled to work by a compensable injury; (2) that there was a causal connection between the injury and his disability to work; and (3) the duration of that period of disability." The court went on to hold that, "[w]here the nature of the injury and the result produced thereby...is such that it is evident to the lay mind based on the common knowledge and experience of mankind that a causal connection exists between the injury and employee's inability to work, *no expert testimony is needed* (emphasis added). On the other hand, where the nature of the injury and the resulting circumstances do not in and of themselves supply the element of causal connection when tested by the common knowledge of mankind, expert medical testimony is necessary." *Id*, at 955. *See also Thompson v. Leon Russell Enters.*, 834 S.W.2d 927, 930 (Tenn. 1992).

The Court finds that common human knowledge supports the conclusion that a person can break his ankle in the manner alleged by Mr. Langford. Accordingly, the Court does not require Mr. Langford to submit medical expert opinion to establish that he broke his ankle in a vehicular collision that occurred in the course and scope of his employment by Rymer.

Although Mr. Langford did not specifically state in his affidavit that he was out-of-work from the date of injury until his physician released him from weight bearing restrictions, the Court finds that Mr. Langford's affidavit strongly implies that was the case. On the basis of the

6

record before the Court and, specifically, the fact that Rymer did not rebut the averments sworn to in Mr. Langford's affidavit, the Court finds that Mr. Langford will likely prevail at a Final Compensation Hearing in his claim for temporary disability benefits from October 14, 2014, until April 1, 2015, a period of twenty-four (24) weeks and two (2) days.

Rymer shall immediately complete a Wage Statement and file it with the Division of Workers' Compensation. Based on the information in the Wage Statement, Rymer shall calculate Mr. Langford's compensation rate and pay him temporary disability benefits at the applicable rate for the twenty-four (24) weeks, two (2) days, that transpired between October 14, 2014, and April 1, 2015

**IT IS, THEREFORE, ORDERED** as follows:

1. Rymer shall initiate medical benefits by, at Mr. Langford's option, either authorizing Dr. Brett Sanders to provide reasonable and necessary treatment of the injuries Mr. Langford received in the course and scope of his employment, or by providing Mr. Langford a panel of three (3) competent physicians that complies with Tennessee Code Annotated section 50-6-204(3)(A)(i) so that he can select a physician to treat his work-related injuries.

2. Rymer shall immediately complete a Wage Statement and file it with the Division of Workers' Compensation. Based on the information in the Wage Statement, Rymer shall calculate Mr. Langford's compensation rate and pay him temporary disability benefits at the applicable rate for the twenty-four (24) weeks, two (2) days, that transpired between October 14, 2014, and April 1, 2015.

3. This matter is set for Initial Hearing on August 4, 2015, at 9:00 a.m. Eastern Time.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

<u>Initial Hearing:</u>

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on August 4, 2015, at 9:00 a.m. Eastern Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing. **Please Note:** <u>You must</u>

7

call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 24TH DAY OF JUNE, 2015.

_____
Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
1301 Riverfront Parkway, Suite 202
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

8

appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Jim Bilbo and Brent McIntosh, Attys. | | | | | X | jimbilbo@bilbolaw.com |
| Clancy Covert, Atty. | | | | | X | Clancy@covertlawgroup.com |

Penny Patterson-Shrum, Clerk

9