James F. Owens, d/b/a Twentieth
Century Home Improvement

*v.*

Jack R. Turner.

362 S.W.2d 793.

(*Knoxville,* September Term, 1962)

Opinion filed December 7, 1962.

Wallace Burroughs, Knoxville, for petitioner.

Joseph W. Rogers, Knoxville, for respondent.

MR. CHIEF JUSTICE PREWITT, delivered the opinion of the Court.

This is a workmen's compensation case where two questions are presented:

(1) Was the injured plaintiff below an employee rather than an independent contractor?

(2) Did the employer use the services of not less than five persons for pay?

The trial judge answered both of these questions in the affirmative, and held that plaintiff's permanent partial disability was caused by injuries, which arose out of and in the course of his employment, of fifteen percent to the body as a whole.

That these injuries consisted of a compression fracture of lumbar vertebra that produces pain and restriction of the use of the back and hip; that plaintiff incurred hospital bills to the extent of $850.00. His 1960 compensation paid by the defendant was $647.94, which was an average weekly wage of $12.46. On this basis the plaintiff was entitled to a recovery of the minimum award

of $12.00 a week. Following his injury on February 19, 1960, he was totally disabled for eleven weeks. A judgment on this basis was entered in the lower court.

The trial court found that the plaintiff was an employee and not an independent contractor. He was paid by the piece or unit; a flat price for a door, another flat price for a window, still another flat price for a square of roofing, etc. There was no fixed time within which a piece of work had to be completed.

In pursuit of his business, defendant would assign to different ones of the several workmen, who did that kind of work for him. All work contracts were oral.

■ An accountant witness, who compiled defendant's tax reports from data furnished by him, testified that during 1960, the year of the injury, the defendant paid compensation to twenty people from time to time, sixteen of whom were named in his testimony.

Seven such persons testified for one side or the other. All stated they were paid by the piece or unit. None of them received an hourly wage.

If any of these installing workmen chose to employ a helper, it became his responsibility to pay the helper, not the defendant. If correction of faulty work was necessary, the workman was required to make it good without any additional compensation.

The lower court found that the foregoing circumstances sufficiently reflect the character of the oral contracts of employment, which were entered into between the defendant and the several persons he engaged to perform the jobs of work that made up his usual trade and business.

Plaintiff Turner, was injured on February 19, 1960, while he was installing a window for the defendant, who was under a contract with the owner for making such improvement. A fall from a ladder, while doing the work, caused the plaintiff's injuries. His compensation for a window job was $1.50.

■ As to whether he was an employee or independent contractor is whether the employer had the right to control the employee in doing his work, and the test is not a question of whether the right was exercised but whether the right existed. The defendant had the right to terminate the employment at any time. Such right is incompatible with full control of the work which is usually enjoyed by an independent contractor.

The lower court found that the defendant was employing more than five persons and this being the case he was subject to the Workmen's Compensation Law.

Under the whole record we think the trial court was correct, and there is much evidence to support his findings that the plaintiff was an employee, and that at the time of the injury defendant was employing more than five persons.

It results that we find no error in the judgment of the lower court and it is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.