John A. LINDSEY, Appellant,

v.

SMITH AND JOHNSON, INC., Appellee.

Supreme Court of Tennessee.

July 7, 1980.

Edward Michael Ellis, Knoxville, for appellant.

Jerry A. Farmer, Poore, Cox, Baker, Ray & Byrne, Knoxville, for appellee.

## OPINION

HENRY, Justice.

The basic issue in this workers' compensation case is whether plaintiff, a carpenter by trade, was an employee of the company for which he was framing houses when he was injured. The trial judge found that plaintiff was a partner in a subcontracting partnership which was working for defendant general contractor who had reserved the right to direct and control his subcontractors. The trial judge held that the partnership, with its three employees, was not large enough to be covered by workers' compensation insurance and, additionally, that partners were not covered by the workers' compensation law.[1] Plaintiff's complaint was dismissed with prejudice. The case then came to this Court on direct appeal. We affirm the trial judge, employing different reasoning but reaching the same result.

### I.

On August 23, 1976, John Lindsey was working as a carpenter, framing houses for general contractors Smith and Johnson, Inc. Lindsey fell from the scaffold on which he was working, and as a result, severely injured his right leg and left foot.

At the time of his injury, Lindsey was a partner in JLW Builders (later J & J Builders). The partners of JLW Builders, Lindsey, Charter Johnson and Jackie Walters, had previously held jobs as carpenters for the same employer. The three left that employment and formed their partnership "[t]o go on our own to make more money." The partnership engaged employees of its own, paid their wages and made the usual deductions. After paying these wages, the partners split the remaining money equally.

The partnership had been contacted by John Johnson, vice-president of Smith and Johnson, and had agreed to frame houses for Smith and Johnson for a set price per completed square foot. Smith and Johnson provided plans and materials for the jobs, and Johnson came by the site to check on progress. Apparently Lindsey and his part-

---

1. The Workers' Compensation Act has since been amended to include a partner within the definition of employee under certain circumstances. Ch. 687, Public Acts of 1978.

ners did not carry any type of accident insurance for themselves and their employees, relying instead on Smith and Johnson's promise to provide coverage. Smith and Johnson did not deduct from the money due Lindsey and his partners any amount for insurance, as a previous general contractor had. When asked why he did not ask Johnson to deduct for workers' compensation insurance, Lindsey explained that he thought there was no need, that they were covered if anything happened.

Plaintiff Lindsey contends both that he was an employee of Smith and Johnson at the time of this injury and that Smith and Johnson had orally contracted to provide Lindsey and his partnership with coverage under Smith and Johnson's workers' compensation insurance.

Defendant Smith and Johnson, Inc., maintains that Lindsey was not its employee but a partner of an independent subcontractor and that no contract for workers' compensation coverage has been proven.

### II.

■ Claimant must be an employee as that term is defined in Section 50–902(b), T.C.A., to qualify for workers' compensation benefits. An independent contractor is not such an employee and cannot receive benefits under the Workers' Compensation Act. *Smart v. Embry*, 208 Tenn. 686, 690, 348 S.W.2d 322, 324 (1961). In *Gebers v. Murfreesboro Laundry Co.*, 159 Tenn. 51, 15 S.W.2d 737 (1929), this Court established that a member of a partnership also does not fall within the definition of the term employee. This case and its progeny are not, however, dispositive of this case, for in *Gebers* and like cases the partner/plaintiff sought workers' compensation benefits from the firm of which he was a member. Here plaintiff Lindsey seeks compensation as an employee of the general contractor who hired Lindsey and his partners. The fact that Lindsey was a partner in the group contracting with Smith and Johnson is but a factor in determining whether Lindsey was an independent contractor in his business relationship with defendant Smith and Johnson, Inc.

■ The primary test for determining claimant's status as employee or independent contractor is the "right to control." Generally, when the general contractor has a right to supervise or inspect the work to see that the end result conforms to plans and specifications but has no right of control over details of performance and methods used to achieve this result, the general or principal contractor and the worker do not have an employer-employee relationship. That worker is an independent contractor. *Smart v. Embry*, 348 S.W.2d at 324–25. The right to control the conduct of the work is not the sole test for determining a worker's status. Other factors which can be considered include the right of termination, the method of payment between the alleged employer and employee, whether or not the alleged employee furnishes his own helpers and whether or not he furnished his own tools. *Cromwell General Contractor, Inc. v. Lytle*, 222 Tenn. 633, 439 S.W.2d 598, 601 (1969).

■ Normally, no one test will be decisive on the question of claimant's status. Each particular relationship must be examined and the circumstances weighed. "The decisional value of any single test is commensurate with the degree of applicability to the particular case." *Cromwell General Contractor, Inc. v. Lytle*, 439 S.W.2d at 601; *see also Smart v. Embry*, 348 S.W.2d at 324. We overlay these rules with a consideration which is always before us in workers' compensation cases—that these laws should be rationally but liberally construed to promote and adhere to the Act's purposes of securing benefits to those workers who fall within its coverage. *Turner v. Bluff City Lumber Co.*, 189 Tenn. 621, 227 S.W.2d 1 (1949).

### III.

■ A close reading of the record leads us to the conclusion that plaintiff Lindsey

was an independent contractor in his business dealings with defendant Smith and Johnson, Inc.

Smith and Johnson did not have the right to control the conduct of Lindsey's framing work. General contractor Johnson did check the progress of the work frequently and suggested changes to conform with the house plans. Lindsey and his partners, however, were responsible for the daily supervision of their own and their helpers' work. The testimony indicates not that Johnson controlled the methods and details of Lindsey's work but that Johnson inspected the work to the extent necessary to determine that the end result would be according to plan. This type of supervision is consistent with a general contractor—independent contractor relationship. *See Smart v. Embry*, 348 S.W.2d at 324–25.

Lindsey's position in the partnership of carpenter/framers underscores the notion that right of control was maintained in Lindsey and his partners. The partnership offered special skills, negotiated contracts and set out to and did complete two or three houses for Smith and Johnson. These circumstances point to a degree of control over their work which is more compatible with the status of independent contractor than employee.

Other factors indicate that Lindsey and his partners were independent contractors. Materials were furnished by Smith and Johnson but Lindsey hired and paid his helpers; he did not use employees of Smith and Johnson. Payment was negotiated on a square foot of completion basis; partial payment was advanced, with balance due upon completion of a house. Lindsey's attitudes toward the business relationship, as expressed through his testimony, are consistent with the position of an independent contractor. He had joined with fellow employees from a previous job to form a partnership "to go out on our own." He also stated that he never intended to be a salaried employee of Smith and Johnson.

There is some evidence which would support plaintiff's assertion that he was an employee of Smith and Johnson. However, when we take into account the overall predominant aspects of this working relationship, we conclude that Lindsey was an independent contractor under these circumstances. *See Barnes v. National Mortgage Co.*, 581 S.W.2d 957, 958–59 (Tenn.1979).

We affirm the trial judge's dismissal of plaintiff's complaint.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.