Jack C. WRIGHT, Plaintiff–Appellant,

v.

KNOX VINYL & ALUMINUM CO., INC., Defendant–Appellee.

Supreme Court of Tennessee, at Knoxville.

. Oct. 30, 1989.

Art Roberts, Jr., Knoxville, for plaintiff-appellant.

Allen E. Schwartz, Schwartz & McLean, Knoxville, for defendant-appellee.

## OPINION

FONES, Justice.

This is a direct appeal from the judgment of a Knox County chancery court that de-nied appellant Wright's claim for benefits under the Workers' Compensation Act. The court held that Wright was an independent contractor at the time of the injury, and thereby was not protected by the Act. We affirm.

Knox Vinyl and Aluminum Company (hereinafter "Knox Vinyl") is in the aluminum siding business. Sales representatives from the company contract with property owners for the installation of siding. The contract specifies the requirements of the installation. Once the agreement is reached, the sales representative contacts one of a number of installers in the Knoxville area to do the actual work of installing the siding.

In this case, Knox Vinyl called and offered Jack Wright the work on a house in Oak Ridge. Wright accepted the offer which included the standard fee arrangement. This industry standard dictates that the installer is paid $35.00 per hundred square feet plus $1.25 for each foot of overhang. This fee arrangement is used by those in the aluminum siding field unless there is a large or difficult job. In addition, the fee was not altered even though Wright had an assistant. The assistant worked for Wright and was paid out of the sum Wright received from Knox Vinyl.

The Knox Vinyl sales representative told Wright what his job required. The requirements were outlined in the customer's contract with Knox Vinyl. The materials used for the job were picked up by Wright at a warehouse that Knox Vinyl had chosen. Knox Vinyl paid for the materials. Wright furnished his own tools with the understanding that if special equipment was needed, Knox Vinyl would furnish it.

For federal income tax purposes, Wright filed as a self-employed person and reported his payments from Knox Vinyl as "income from business", not as "wages." Also, Wright deducted work expenses to calculate his income. Knox Vinyl reported its payments to Wright on a 1099 form, which is used for payments other than wages. Wages are reported on a W-2 form.

During the installment, appellant had the right to work for other siding contractors. However, he did not exercise this right. Also, Knox Vinyl could terminate the relationship at any time it determined that Wright's work was unsatisfactory. When the job was to be finished, Knox Vinyl was going to inspect it with the right to order Wright to take . corrective action if necessary. With the exceptions of the initial instructions and the final inspection, Knox Vinyl had no control over the methods of Wright's work. Wright controlled the details of how his work was to be performed.

Before Wright's work was finished, the scaffolding on which he was working fell. Consequently, Wright fell and was injured. He filed suit to recover Workers' Compensation benefits. The trial court found that Knox Vinyl was not obligated for the benefits since Wright was an independent contractor. Thus the sole issue in this appeal is whether the chancellor properly ruled that Jack Wright was not Knox Vinyl's employee.

In *Masiers v. Arrow Transfer & Storage Co.*, 639 S.W.2d 654 (Tenn.1982), this Court set out the factors to be used when determining the status of a work relationship. The Court held:

> There are a number of indicia to be considered by a trier of fact in determining the existence or nonexistence of an independent contractor relationship, such as, (1) the right to control the conduct of the work, (2) the right of termination, (3) the method of payment, (4) the freedom to select and hire helpers, (5) the furnishing of tools and equipment, (6) self scheduling of working hours, and (7) being free to render services to other entities. *Id.* at 656.

The *Masiers* court also noted that while all factors are important the "right to control" is the primary test. *Id. See also Stratton v. United Inter–Mountain Tel.*, 695 S.W.2d 947 (Tenn.1985). The more control the contractor has, the more likely it is that an employer-employee relationship exists. In the present case, the chancellor found that the appellant controlled the details of his own work. There was no day-to-day supervision. In fact, Knox Vinyl's only concern was the final product.

■ These findings of fact by the trial court are reviewed by this Court on a *de novo* basis. Tenn.Code Ann. § 50–6–225(e) (1988). However, the statute also states that the findings are presumed to be correct unless the preponderance of the evidence is otherwise. *Id.* After a review of the record, this Court finds that a preponderance of the evidence supports the chancellor's findings.

Appellant argues that Knox Vinyl had the right to direct and supervise all of the work done by appellant, to tell him what materials to use, and to tell him where to pick up the materials. However, as the trial court found, these aspects of control were directed at the final product. The *Masiers* court held, "[A] party to a contract can exercise direction and control over the results of the work without destroying the independence of the contract or creating an employer-employee relationship." 639 S.W.2d at 656. Knox Vinyl was in control of the overall final product, and Wright was in control of the details of how to complete the job.

This case is very similar to *Lindsey v. Smith and Johnson, Inc.*, 601 S.W.2d 923 (Tenn.1980). In *Lindsey*, the plaintiff was a carpenter who had his own employees. Smith and Johnson hired him to frame houses that they were constructing. Smith and Johnson "provided plans and materials for the jobs, and Johnson came by the site to check on progress." *Id.* at 924. This Court held that the plaintiff was an independent contractor and not eligible for Workers' Compensation benefits. We emphasized the right to control and held as follows:

> Smith and Johnson did not have the right to control the conduct of Lindsey's framing work. General contractor Johnson did check the progress of the work frequently and suggested changes to conform with the house plans. ... The testimony indicates not that Johnson controlled the methods and details of Lindsey's work but that Johnson inspected the work to the extent necessary to de-

termine that the end result would be according to plan. *Id.* at 926.

Similarly, the record in this case reveals that Knox Vinyl inspected Wright's work to the extent necessary to determine that the end result would be according to the home owner's contract.

■ Appellant next urges this Court to find an employer-employee relationship based on Knox Vinyl's power to terminate Wright at any stage of the work. The appellant is correct in stating that the power to terminate the worker is a strong factor in favor of finding Wright to be an employee. *See, Masiers,* 639 S.W.2d at 656; *Curtis v. Hamilton Block Co., Inc.,* 225 Tenn. 275, 280, 466 S.W.2d 220, 222 (1971). However, it is just one factor to be considered. This Court, in *German v. Whaley,* 760 S.W.2d 627, 628 (Tenn.1988), held that "[t]he fact that the contractor retained the right to fire the worker from any job site if he did not like the manner in which Whaley was performing the work does not *ipso facto* create an employee-employer relationship."

The other relevant factors support Knox Vinyl's contention that Wright was an independent contractor. First, Wright had the freedom to select and hire helpers. His assistant was his employee who was paid from the standard fee he received from Knox Vinyl. Second, Wright furnished his own tools and the tools used by his assistant. Third, the method of payment was indicative of a contractor-contractee relationship. Wright was paid a flat fee based on the amount of siding installed. It did not matter how long the job took. Also, both parties considered Wright to be a self-employed businessman when they filed their federal income tax forms. Fourth, Wright was free to render his services to other contractors.

Wright relies upon *Owens v. Turner,* 211 Tenn. 121, 362 S.W.2d 793 (1962). It is true that there are similarities between the facts of *Owens* and the instant case. In *Owens* the trial judge made findings of fact upon which he reached the conclusion that Turner was an employee. At that time, the findings of the trial court were controlling, upon review by this Court, if supported by any material evidence. There was material evidence to support the trial judge's findings in *Owens,* and this Court was bound to affirm. In this case the trial judge has found that Wright was an independent contractor and we think the preponderance of the evidence supports that finding. We find the facts in this case establish that the right of control extended only to the end result whereas in *Owens* the degree of control was more pervasive than merely insuring the end result. Although in *Owens* Turner was paid by the "piece or unit" and not by the hour, there is no mention of how the parties treated the payments for income tax purposes. The evidence here is uncontradicted that Wright treated the payments as gross income from the operation of a business, and Knox Vinyl treated the payments for Wright's work as an expense other than wages. Finally, we are of the opinion that the facts in this case are indistinguishable from *Lindsey.*

After considering all of the relevant factors, this Court holds that Jack Wright was not Knox Vinyl's employee at the time of the injury. Since he was an independent contractor, Wright is not entitled to Workers' Compensation benefits. *See Cromwell General Contractor, Inc. v. Lytle,* 222 Tenn. 633, 439 S.W.2d 598 (1969).

The judgment of the Chancellor is affirmed, and the costs of this appeal are taxed to Plaintiff–Appellant.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.