



**FILED**
**Oct 04, 2019**
**01:00 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Kent | ) | Docket No.   2018-06-1969 |
| | ) | |
| v. | ) | State File No. 81424-2018 |
| | ) | |
| Delatorre Art Design, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

The claimant is an artisan whose expertise is fabricating and sculpting artificial rocks for various types of exhibits.  In this case, he was working at the Nashville Zoo and alleged he suffered a work-related injury.  He contended the company that hired him to come to Nashville to perform the work was his employer and was responsible for providing workers' compensation benefits as a result of his injury.  The alleged employer denied that it was responsible for providing benefits, asserting the claimant was an independent contractor.  Following an expedited hearing, the trial court determined the claimant was an independent contractor and denied the requested benefits.  The claimant has appealed. We affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Adam W. Selvidge, Nashville, Tennessee, for the claimant-appellant, Robert Kent

Brent A. Morris, Nashville, Tennessee, for the respondent-appellee, Delatorre Art Design, Inc.

### Factual and Procedural Background

Many of the underlying facts of this case are undisputed for purposes of this interlocutory appeal.  Delatorre Art Design, Inc. ("Delatorre") and its owner, Mike Torres, contract with business entities such as museums and zoos to build exhibits. Delatorre had a contract with the Nashville Zoo ("the Zoo") that included building certain elements of various animal exhibits.  Mr. Torres characterized himself as the art director

of the project, and there is no dispute that the Zoo worked and communicated solely with Mr. Torres regarding the project. Robert Kent ("Claimant") is a resident of Florida. He is an artisan whose craft is to fabricate and sculpt artificial rocks that are incorporated into a variety of exhibits and displays in museums, zoos, and amusement parks.

Delatorre hired artisans, including Claimant, to perform portions of the artistic work at the Zoo and general laborers to provide assistance to the artisans. Claimant alleges that on October 20, 2017, he sustained an injury to his left shoulder in the course of his work at the Zoo. He stated in an affidavit that for several weeks before the October 20, 2017 incident, and on October 20, he was repeatedly scratched by the rebar and the tie-wire that was used with the rebar. On October 20, 2017, he reported to Mr. Torres that he was bending rebar and felt a pop and pain in his shoulder. Within a few days, he was ill, and his wife took him to a Nashville hospital where he remained hospitalized for thirty days due to an abscess and staph infection in his left shoulder. When he was released from the hospital, he returned home to Florida where he sought and received additional medical care. Delatorre denied Claimant's request for workers' compensation benefits, asserting Claimant was an independent contractor and, therefore, not entitled to workers' compensation benefits. Claimant contends he was an employee of Delatorre.

After an expedited hearing at which Claimant and Mr. Torres testified in person, the trial court concluded Claimant was an independent contractor and denied the requested benefits. In reaching its conclusion, the court addressed each of the factors set out in Tennessee Code Annotated section 50-6-102(12)(D)(i) (2018) that are to be considered in determining whether an individual is an employee, a subcontractor, or an independent contractor.

Addressing the right to control the conduct of the work, the court found that Delatorre controlled Claimant's work activities only to the extent required to ensure the artistic vision of the Zoo was realized with respect to the appearance of the exhibits. The court found Mr. Torres's testimony that he considered Claimant to be a freelance artist and that he hired him for his particular set of skills to be credible testimony. The court also noted Mr. Torres's testimony that, although he expected the artisans to work from 7:00 a.m. to 3:30 p.m. because that is when the laborers were on site, he did not enforce those working hours, and the artisans were essentially able to work when and how much they desired. The trial court found it significant that Claimant felt no obligation to call Mr. Torres to let him know he would not be at work when he was sick. Rather, Claimant simply did not come to work if he was ill, and he returned to work when he was better. These factors, considered in the totality of the circumstances and in the context of the nature of the relationship between Claimant and Delatorre, led the court to determine that Claimant would not likely prevail at trial in establishing he was an employee. Claimant has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

Claimant raises a single issue on appeal: whether the evidence supports the trial court's determination that he would not likely establish at trial that he was an employee of Delatorre. Tennessee Code Annotated section 50-6-102(12)(D)(i) identifies seven factors that are to be considered in determining whether an individual in a work relationship is an employee or an independent contractor:

(a) The right to control the conduct of the work;
(b) The right of termination;
(c) The method of payment;
(d) The freedom to select and hire helpers;
(e) The furnishing of tools and equipment;
(f) Self-scheduling of working hours; and
(g) The freedom to offer services to other entities.

Tenn. Code Ann. § 50-6-102(12)(D)(i).

As we have previously observed,

[t]hese factors are not absolutes that preclude examination of each work relationship as a whole and are no more than a means of analysis. While no single factor is determinative, the Tennessee Supreme Court has repeatedly

3

emphasized the importance of the right to control, the relevant inquiry being whether the right existed, not whether it was exercised.

Moreover, determining whether an individual is characterized as an employee or an independent contractor for workers' compensation purposes requires a specialized factual analysis. No single aspect of a work relationship is conclusive in making this determination, and in deciding whether a worker is an employee or independent contractor, the trier of fact must examine all relevant factors and circumstances of the relationship.

*Smiley v. Four Seasons Coach Leasing*, Nos. 2016-06-0104 & -0105, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (Tenn. Workers' Comp. App. Bd. July 15, 2016) (internal quotation marks and citations omitted).

In the instant case, the trial court addressed each of the statutory factors in the context of the witnesses' testimony. The court found Mr. Torres's testimony concerning the right to control the conduct of the work to be credible and to support a finding that Claimant was an independent contractor. Claimant testified that Mr. Torres was his supervisor and determined what area of the Zoo or job site he was responsible for completing, but he also stated that Mr. Torres's instruction as to the work concerned the overall artistic vision of the project as opposed to what Claimant was to do "hour to hour." The trial court noted that although Mr. Torres instructed Claimant where in the Zoo he was to work each day, he did not tell Claimant how to sculpt, texture, or create the artificial rocks. Moreover, the court observed that "Mr. Torres's explanation that he oversaw the entire project and set daily work areas strikes the Court as Mr. Torres merely fulfilling his responsibility to the [Z]oo to lead and execute the project, fulfilling his role as art director and ensuring continuity throughout the [Z]oo." While it is undisputed that Mr. Torres was the person who communicated with and collected payment from the Zoo and was the person to whom the Zoo would report any complaints, it does not necessarily follow that Mr. Torres could or did control the conduct of Claimant's work. Rather, the duties that Mr. Torres was performing were more akin to the duties of a general contractor. As the trial court stated, "Mr. Torres telling [Claimant] *where* to work is not equivalent to telling him *how* to work."

The trial court also gave significant consideration to the parties' descriptions of the work schedule. Mr. Torres hired laborers to be on site from 7:00 a.m. to 3:00 p.m. to assist the artists. Mr. Torres testified that he expected the artists to generally work those hours as well, since that is when they would have help available. However, Mr. Torres testified he did not discipline any artists who were late. Claimant agreed, stating that while Mr. Torres had made comments to him when he arrived late, he had never been disciplined for not being at the worksite at 7:00 a.m. Mr. Torres also testified that, since Claimant had no intention of moving to Nashville permanently, he had agreed to pay Claimant's lodging expenses while he was working on the project and, in return, he

4

expected Claimant to work full weeks, adding that, otherwise, there was no point in him being on the project or in Mr. Torres continuing to pay for a hotel. We agree with the trial court's conclusion that the "right to control the conduct of the work" factor favors a finding that Claimant was an independent contractor.

In addition, both Claimant and Mr. Torres testified that Mr. Torres could terminate Claimant at any time. Although the right to terminate a worker at will is consistent with an employer-employee relationship, the trial court did not find this factor to be determinative. We agree. *See Wright v. Knox Vinyl & Aluminum Co.*, 779 S.W.2d 371, 374 (Tenn. 1989) ("[T]he fact that [a] contractor retained the right to fire the worker from any job site if he did not like the manner in which [the worker] was performing the work does not *ipso facto* create an employer-employee relationship.").

The trial court also determined that Delatorre's method of payment "generally supports a finding of an employer-employee relationship," as Delatorre paid weekly wages via direct deposit to Claimant and withheld taxes and social security each paycheck. Further, Delatorre reported Claimant's wages on a W-2 form. However, as noted by the trial court, the method of payment is only one factor among a number of indicia relevant to the determination of the relationship. Here, Mr. Torres testified that Claimant had the option of invoicing Delatorre each week, stating that some artists "did not want to deal with that," in which case he would "run [the time] through the payroll" as he did with Claimant.

Further, the trial court concluded the factors of freedom to select and hire helpers and the furnishing of tools and equipment did not favor either party. Claimant testified he could not hire helpers, but that he could recommend to Mr. Torres that Delatorre hire particular individuals that Claimant recommended. By contrast, Mr. Torres testified that Claimant never asked to hire helpers, but that he could have done so if he paid them himself. Delatorre provided the equipment to make the artificial rocks, but Claimant provided the specialty tools that he described were "like an artist uses or a chef would bring knives."

As to the scheduling of working hours, the trial court found Mr. Torres did not set Claimant's working hours and the arrangement supported the existence of an independent contractor relationship. Again, we agree. Asked whether Claimant could come to work whenever he wanted and what the consequences would be if Claimant came to work at noon, Mr. Torres stated that Claimant could show up whenever he wanted and that "nothing" would happen if he were to show up at noon, adding that "[i]t just affects the work that he'd done, but being a freelance guy, I've got no control over that." Although both Claimant and Mr. Torres testified the laborers typically worked from 7:00 a.m. until 3:30 p.m. or later, we agree with the trial court's determination that the self-scheduling of work hours supports the relationship being one of independent contractor rather than employer-employee.

Addressing Claimant's freedom to offer services to other entities, the trial court was of the opinion the proof did not support one party over the other. While Claimant did not offer his services to any other entity during his work at the Zoo, Mr. Torres testified that nothing would have prevented him from doing so. Claimant testified that he would not have been able to work elsewhere while working on the project at the Zoo. We cannot know from the proof what, if any, consequences Claimant would have faced had he worked for other entities during the project. Thus, we agree with the trial court that this factor favors neither party.

Finally, we find it significant to the parties' work relationship that Claimant was a resident of Florida who agreed to come to Nashville for the purpose of completing a single project that was known to be temporary work. Claimant admitted that the work was temporary and never intended it to be otherwise. The very nature of the working arrangement was that of a contractor (here, Delatorre, the artistic director of the project) and an independent contractor (Claimant, an artist tasked with effectuating a portion of the artistic vision of the Zoo). We conclude the preponderance of the evidence supports the trial court's determination that it is unlikely Claimant will establish at trial that he was an employee of Delatorre.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision and remand the case. Costs on appeal are taxed to Claimant.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Kent | ) | Docket No. 2018-06-1969 |
| | ) | |
| v. | ) | State File No. 81424-2018 |
| | ) | |
| Delatorre Art Design, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Adam W. Selvidge | | | | X | adam@reasonoverlaw.com |
| Brent A. Morris<br>Rosalia Fiorello | | | | X | bmorris@wimberlylawson.com<br>rfiorello@wimberlylawson.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov